IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DONALD LEE YOUNG, *et al*, } | |
| } | |
| *Appellants*, } | Civil Action No. H-07-3039 |
| v. } | Adversary Proceeding No. 06-3195 |
| } | |
| CHRIS DI FERRANTE, } | |
| } | |
| *Appellee*. } | |

## **OPINION AND ORDER**

This is an appeal from an order and judgment issued by the bankruptcy court in the above referenced adversary proceeding. For the following reasons, the Court finds that the order and judgment of the bankruptcy court should be affirmed.

I.   Background and Relevant Facts

As it explains in its memorandum opinion, the bankruptcy court issued the order and judgment, now on appeal before this Court, pursuant to Section 105 of Title 11 of the Bankruptcy Code. Section 105 provides that the bankruptcy court may act *sua sponte* in "taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules or to prevent an abuse of process." 11 U.S.C. § 105(a). The bankruptcy court describes the dispute between Appellants Donald Lee Young and Doris Young (collectively, the Youngs) and Appellee Chris DiFerrante (DiFerrante) as a "litigation quagmire that is costing inordinate amounts of money, time and judicial resources." (Doc. 21 Ex. C at 2). After deciding that no further evidence would assist it in arriving at a just conclusion, the bankruptcy court issued its order and judgment to prevent any further abuse of process and to assure that the parties receive a just result. (*Id.*).

In the adversary proceeding before the bankruptcy court, DiFerrante alleged that the Youngs defrauded him by transferring non-exempt property to their daughter, Donna Holcomb (Holcomb).[1]  Specifically, DiFerrante claims that the Kemah Property was transferred to Two Story Enterprises, Inc., a company owned by Holcomb and her husband, and then transferred back to the Youngs in an effort to defraud DiFerrante of his right to collect attorney's fees from Donald Young.  In response, the Youngs argued that the Kemah Property is their homestead and is, thus, exempt from execution by creditors such as DiFerrante.  However, the bankruptcy court disagreed and held that the Kemah Property was not the Youngs' homestead.  While issues dealing with abstention, discovery, and sanctions have been raised on appeal, the issue at the heart of this case is whether the Kemah Property is the Youngs' homestead.[2]

II.        Legal Standard

This Court exercises jurisdiction over the pending appeal from the Bankruptcy Court pursuant to 28 U.S.C. § 158(a)(1).  Appeals from a bankruptcy court to a district court are "taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts[.]"  28 U.S.C. § 158(c)(2).  Thus, this court applies the same standard of review that a circuit court would employ.  *In re Killebrew*, 888 F.2d 1516, 1519 (5th Cir. 1989).  Specifically, the district court reviews findings of fact by the bankruptcy court under the clearly erroneous standard and reviews issues of law and mixed questions of law and fact *de novo*.  *Universal Seismic Assocs., Inc. v. Harris County (In re Universal Seismic Assocs., Inc.)*, 288 F.3d 205, 207 (5th Cir. 2002) (citing *In re Mercer*, 246 F.3d 391, 402 (5th Cir. 2001)).

---

[1] It is undisputed that the Youngs own three lots in Kemah, Texas, two of which they acquired in 1964 (lots 24 and 25) and one of which they acquired in 1967 (lot 26).  These three lots are located on Block 4, West Kemah Subdivision, Section 1, Volume 254-A Page 52, Galveston County, Texas.  The Court will hereinafter refer to these lots collectively as the Kemah Property.

[2] A more detailed description of the facts pertaining to each of these issues may be found in Part III of the Court's Opinion and Order.

Moreover, the court "may affirm if there are any grounds in the record to support the judgment, even if those grounds were not relied upon by the courts below." *Bonneville Power Admin. v. Mirant Corp. (In re Mirant Corp.)*, 440 F.3d 238, 245 (5th Cir. 2006) (quoting *Bustamante v. Cueva (In re Cueva)*, 371 F.3d 232, 236 (5th Cir. 2004) (internal quotation marks omitted)).

The Court reviews the bankruptcy court's decisions on abstention, discovery, and sanctions for an abuse of discretion. *In re Luongo*, 259 F.3d 323, 332 (5th Cir. 2001) (citing *Matter of Howe*, 913 F.2d 1138, 1143 (5th Cir. 1990)) (abstention); *Matter of Evangeline Refining Co.*, 890 F.2d 1312, 1321 (5th Cir. 1989) (citing *Mayo v. Tri-Bell Indus.*, 787 F.2d 1007, 1012 (5th Cir. 1986)) (discovery); *In re Musslewhite*, 270 B.R. 72, 77 (S.D. Tex. 2000) (citing *Matter of Terrebonne Fuel & Lube, Inc.*, 108 F.3d 609, 613 (5th Cir. 1997) (sanctions).

III.    Analysis

Appellants have raised nine issues on appeal which either deal with the bankruptcy court's refusal to abstain, discovery issues, sanctions imposed on the Youngs, or the bankruptcy court's decision that the Kemah Property is not the Youngs' homestead. The Court will address each of these, in turn.

A.    Abstention

With respect to the issue of abstention, the Youngs have phrased their issues on appeal as follows: whether the bankruptcy court abused its discretion when it (1) refused to abstain from and/or dismiss the adversary proceeding in favor of the pending state court litigation; (2)(a) said it would grant Doris Young's motion to abstain and/or dismiss the adversary proceeding if she agreed not to declare bankruptcy so that DiFerrante could foreclose on Lot 26 of her homestead; and (2)(b) forced her to withdraw her motion to abstain by

threatening to enter an order forbidding her to declare bankruptcy and thus invalidating a foreclosure by DiFerrante.

On March 21, 2006, Defendant TSE filed a motion to abstain, and on April 20, 2006, the bankruptcy court held a hearing on this matter. (Doc. 9 Ex. 10). During the hearing, the bankruptcy court ordered the parties to file a report on the status of the foreclosure sale by May 3, 2006. (*Id.*). On May 19, 2006, the bankruptcy court denied the motion to abstain for want of prosecution because the parties did not file a report or a request for an extension of time in which to file one. (*Id.*). DiFerrante had, however, filed a notice of report on foreclosure on May 10, 2006. (Doc. 9 Ex. 1). As such, TSE filed a motion for the bankruptcy court to reconsider its May 19, 2006, order. (Doc. 9 Ex. 12). Before the bankruptcy court had an opportunity to rule on the motion, it dismissed TSE from the adversary proceeding thus making the motion moot. (Doc. 9 Ex. 14). The Youngs cannot appeal the bankruptcy court's ruling on the motion to abstain because they did not file the original motion; TSE did. (*Id.*).

Appellants' remaining two assertions do not address whether the bankruptcy court erred in denying Doris Young's August 14, 2006, motion to abstain. Instead, they argue that the bankruptcy court abused its discretion when it said that it would grant Doris Young's motion to abstain and/or dismiss the adversary proceeding if she agreed not to declare bankruptcy so that DiFerrante could foreclose on Lot 26 of her homestead. Moreover, they argue that the bankruptcy court abused its discretion when it forced her to withdraw her motion to abstain by threatening to enter an order forbidding her to declare bankruptcy and thus invalidating a foreclosure by DiFerrante. Both of these points misstate what actually transpired in the bankruptcy proceedings. As the bankruptcy court recounts in its June 1, 2007, order,

> . . . on August 14, 2006, Doris Young filed a motion asking the Court to dismiss this adversary proceeding based on 28 U.S.C. §

> 1334(c)(1) & (2), the permissive and mandatory abstention provisions. The Court held a hearing on the motion on September 15, 2006. At the hearing, the Court indicated that it would consider granting Defendants' motion, but would require the parties to consent that the adversary proceeding would not again be stayed or removed if another serial bankruptcy petition were filed. Defendants declined to so consent and withdrew their motion. Accordingly, the Court determined that abstention was not appropriate. The Court was concerned that Defendants would do what they in fact did do: file a serial bankruptcy petition which would again prevent Plaintiff from having his day in court.

(Doc. 21 Ex. E at 2). The Court finds that the bankruptcy court did not abuse its discretion under the circumstances. As its order makes clear, the bankruptcy court was merely attempting to prevent the Youngs from filing another serial bankruptcy petition, which would further delay a resolution of the adversary proceeding.

  B. <u>Discovery Orders and Sanctions</u>

With respect to the issues of discovery orders and sanctions, the Youngs have listed their issues on appeal as follows: whether the bankruptcy court abused its discretion when it (1) initiated discovery for DiFerrante without a request from DiFerrante to enlarge the discovery period or a request from him to take the Youngs' deposition; (2) sanctioned the Youngs for disobeying its January 12, 2007, order when DiFerrante went outside the scope of the order and set the deposition dates outside of the dates ordered by the bankruptcy court; (3) sanctioned the Youngs $3,000.00 when they were in bankruptcy and refused to impose a lesser monetary sanction that they could afford financially; (4) sanctioned the Youngs by deeming DiFerrante's facts admitted because the bankruptcy court determined that the Youngs would not submit to depositions and document production; and (5) allowed DiFerrante to supplement his exhibits to his summary judgment motion when it clearly violated the bankruptcy court's order allowing him to submit his motion only as to the facts in his original complaint.

It is clear from the bankruptcy court's January 12, 2007, Order on Cross Motions for Sanctions and Order Governing Discovery and its April 18, 2007, Order Imposing Sanctions that the Youngs continually failed to comply with DiFerrante's discovery requests and the bankruptcy court's discovery orders. (Doc. 9 Exs. 21 & 25). The January 12, 2007, order acknowledged that DiFerrante was seeking "death penalty" sanctions against the Youngs and warned that continued abuse by the Youngs or Holcomb would compel the bankruptcy court to issue such a remedy. (Doc. 9 Ex. 21). In order to avoid such a result, the bankruptcy court set forth a detailed discovery plan which included, *inter alia*, a date for the inspection of the Kemah Property and deposition dates and times for the Youngs, Holcomb, and DiFerrante. (*Id.*). Despite the bankruptcy court's order, the discovery abuses continued. As it states in the April 18, 2007, order,

> In his sanctions motion, DiFerrante seeks an order that would effectively grant him a final judgment . . . [s]uch a judgment would result in a determination that the home in which the Youngs reside is not their homestead and that DiFerrante is authorized to foreclose on the property on which the Youngs reside.
>
> This Court has previously informed the Youngs that continued discovery malfeasance on their part could result in such an adverse finding. Notwithstanding this Court's strong admonitions, the Defendants persist in their discovery abuses. The Court is loathe to cause the eviction of the Youngs from their home without a full hearing on the merits . . . [n]evertheless, the Court may be left with no choice if the Youngs persist.

(Doc. 9 Ex. 25). By the terms of this order, the bankruptcy court allowed the Youngs another opportunity to respond to DiFerrante's discovery requests and comply with the bankruptcy court's discovery orders. (*Id.*). Moreover, the bankruptcy court warned that if the Youngs did not (1) deposit $3,000 in the court's registry, (2) file alternative dates for the depositions within five days of the order being issued, and (3) arrive by 8:45 a.m. with the required documents on

the deposition date, that it would deem all factual allegations in the complaint as admitted. (*Id.*). Once again, the Youngs failed to follow the bankruptcy court's instructions and to heed its warnings, and, as such, the bankruptcy court issued an order on May 31, 2007, that deemed as admitted the allegations in DiFerrante's complaint. (Doc. 9 Ex. 30).

After a thorough review of the record in this cause, the Court finds that the bankruptcy court acted within its discretion with respect to these five issues. The bankruptcy court gave the Youngs multiple opportunities to comply with DiFerrante's discovery requests and its discovery orders. When the Youngs failed to do so and DiFerrante began moving for sanctions, the bankruptcy court provided the Youngs with additional opportunities to comply and warned them what the consequences would be should they fail to do so.

C. Homestead Exemption

With respect to the issue of whether the Kemah Property is covered by the Texas homestead exemption, the Youngs have termed their issues on appeal as follows: (1) whether the bankruptcy court abused its discretion when it determined that the Youngs' homestead was in Baytown, Texas when DiFerrante made no such factual allegation in his complaint; and (2) whether the bankruptcy court's determination that the Youngs' homestead is in Baytown, Texas is clearly erroneous and whether this determination leaves any fact issues left undecided.

Pursuant to the bankruptcy court's May 31, 2007, order, all of the allegations in the complaint must be taken as true. Although the complaint does not have an allegation that explicitly states that "the Youngs' homestead is in Baytown, Texas," this may be inferred from the allegations in the complaint. First, Doris Young resides at 403 North Circle, Baytown, Texas 77520, and Donald Young resides in Harris County, Texas. (Doc. 9 Ex. 2 at ¶¶ 2, 3). Additionally, TSE acquired title to the Kemah Property on September 4 and 24, 2002, which it

then transferred to the Youngs on November 24, 2003. (*Id.* at ¶¶ 9, 18). Furthermore, although the Youngs contend otherwise on appeal, the complaint clearly states that "at no time since TSE's acquisition of the [Kemah] Property (September of 2002), or since the date of the TSE's conveyance of the Property to Donald and Doris, have Donald and Doris lived on or otherwise resided on the Property." (*Id.* at ¶ 22).

DiFerrante's motion for summary judgment, to which the Youngs did not file an opposition in response, states that the Youngs have lived for years in Baytown, Texas. (Doc. 9 Ex. 32 at ¶ 4). To illustrate this, at the time he filed a bankruptcy petition on October 16, 2005, Donald Young stated under oath that he lived in Baytown. (*Id.* at ¶ 6). Further, during his Rule 2004 exam, he confirmed that he was living with his wife in Baytown. (*Id.*). While a non-moving party's failure to respond does not automatically entitle the movant to a "default" summary judgment, the court may accept as undisputed the facts set forth in support of the motion for summary judgment to the extent it is unopposed. *Lewis v. Continental Airlines, Inc.*, 80 F. Supp. 2d 686, 694 (S.D. Tex. 1999) (citations omitted). As such, the Court accepts as undisputed the facts set forth in DiFerrante's motion for summary judgment.

Upon review and consideration of DiFerrante's complaint and unopposed motion for summary judgment, the Court finds that the bankruptcy court did not err in its finding that the Youngs' homestead is located in Baytown, Texas. The Court further finds that the bankruptcy court's decision regarding the homestead location does not leave any other fact issues undecided.

IV.        Conclusion

Accordingly, for the reasons set forth above, the Court finds that the order and judgment of the bankruptcy court should be AFFIRMED.

- 9 -

SIGNED at Houston, Texas, this 29th day of September, 2009.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE